UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MATTHEW COCHRAN, Individually, and on
Behalf of All Others Similarly Situated
Who Consent to Their Inclusion in a
Collective Action;

    Plaintiff,

CASE NUMBER:

v.

COLLECTIVE ACTION

ENVIRO-AIRE LLC and KRIS MARSEGLIA,
Individually;

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW COCHRAN ("Plaintiff" or "Mr. Cochran"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through the undersigned counsel, sues Defendants, ENVIRO-AIRE LLC and KRIS MARSEGLIA, Individually, pursuant to *29 U.S.C. §201, et seq.*, the Fair Labor Standards Act (the "FLSA") and states as follows:

## INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") is our nation's foremost wage law and is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers…" 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) and 207(a).

2. The FLSA requires employers to pay their employees who work longer than forty hours for a workweek "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(2)(C).

3. Defendants violated the FLSA by failing to pay their employees overtime pay at a rate of not less than one and one-half times the regular rate of pay for all hours worked over forty in a workweek as well as failing to pay their employees the applicable minimum wage rate for all hours worked up to forty (40) each workweek.

4. Accordingly, Plaintiff, MATTHEW COCHRAN, brings this collective action pursuant to §216(b) of the FLSA on behalf of all similarly situated employees who were and are not being paid at least the minimum wage rate for all hours worked up to forty (40) each workweek and overtime wages for all hours worked in excess of forty (40) in a workweek.

5. Pursuant to policy and plan, the Plaintiff, and similarly situated current and former employees, were hired by Defendants as salespeople and promised an hourly wage and commissions based on the number of appointments scheduled and sales made for air duct cleaning.

6. Plaintiff, and similarly situated employees, were required to work more than forty (40) hours per week and Defendants failed to pay them at least the applicable minimum wage rate for all hours worked, in violation of 29 U.S.C. § 206, as well as their failure to pay an overtime premium for all hours worked in excess of forty (40) each workweek, in violation of 29 U.S.C. §207(a)(2)(C).

7. Upon information and belief, Defendants employ approximately nine (9) to ten (10) salespeople at any given time who all work from the same location at 1850 Boy Scout Drive, Suite A102, Fort Myers, Florida 33907.

8. As salespeople Plaintiff and similarly situated employees did not, and currently do not, perform work that meets any of the exemptions provided for by the FLSA, include the Section 7(i) exemption, to excuse Defendants from paying them an overtime premium.

9. In this pleading, the term "salespeople" means any employee with that title or any

Creed Law Group, PLLC | 13043 West Linebaugh Avenue | Tampa | Florida | 33626 | PH (813) 444-4332

other title or position where employees perform substantially the same work as employees with that title.

10. In this pleading, "Defendants" mean the named Defendants: Enviro-Aire LLC and Kris Marseglia, and any other person, corporation, organization or entity responsible for the employment practices complained of herein as discovery may reveal additional defendants that should be included.

11. The allegations in this pleading are made without any admission that, as to any allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a federal statute, namely, *29 U.S.C. §§ 206 and 207*.

13. This Court has personal jurisdiction over this action because Defendants conduct business in Lee County, Florida and the damages at issue occurred in Lee County, Florida.

14. Venue is proper to this Court pursuant to *29 U.S.C. §216(b)*.

15. At all times, relevant to this action Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

## THE PARTIES

**Plaintiff, Matthew Cochran, Representative of the Collective Class of Salespeople**

16. Mr. Cochran resides in Lee County, Florida and worked for Defendants as a salesperson from its offices located at 1850 Boy Scout Drive, Suite A102, Fort Myers, Florida 33907.

17. Mr. Cochran was employed as a salesperson by Defendants from on or about December 3, 2016 until on or about January 10, 2017.

### The Defendants

18. Defendant, Enviro-Aire LLC, is a Florida Limited Liability Company with its principal address located at 551 Palermo Circle, Fort Myers Beach, Florida 33931.

19. Defendant, Enviro-Aire LLC, was and is engaged in interstate commerce as defined in 29 U.S.C. § 203(r) and 203(s).

20. Based upon information and belief, Defendant, Enviro-Aire LLC 's, annual gross sales volume in 2016 was in excess of $500,000.00 per annum.

21. Plaintiff, and similarly situated salespeople, were individually engaged in commerce.

22. Defendant, Kris Marseglia, is a manager of Defendant, Enviro-Aire LLC, and was Plaintiff's employer within the meaning of the FLSA as he was Plaintiff's supervisor, had the power to hire and fire employees, including Plaintiff, supervised and controlled Plaintiff's conditions of employment, determined the rate and method of payment to Plaintiff, maintained Plaintiff's employment records and had significant operational control of Defendant, Enviro-Aire LLC's, day to day operations.

23. As an officer, manager and/or owner of the Defendant, Enviro-Aire LLC, who had significant operational control of its day to day operations Kris Marseglia is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cae. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

### CLASS DEFINITIONS

24. Plaintiff brings his claim on behalf of the Collective Class of salespeople as follows:

> All Salespeople, or employees performing similar work regardless of their job title, who are or were employed by Defendants, within the past three years preceding the

filing of this lawsuit, and who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

25. This collective action arises from an ongoing wrongful scheme by Defendants to willfully fail to pay its employees the applicable minimum wage rate and overtime compensation for all hours worked in excess of forty (40) in a workweek in violation of the FLSA.

26. Plaintiff, Matthew Cochran, believes that he can adequately represent the Collective Class of Salespeople and consents to doing so.

27. Plaintiff alleges for himself, and on behalf of the collective class members who elect to opt-in to this action, that he is entitled to at least the applicable minimum wage rate for all hours worked and unpaid overtime compensation from Defendants at a rate of time and one-half of his regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by law.

## **GENERAL ALLEGATIONS**

28. Upon information and belief, the job duties and responsibilities of all salespeople employed by Defendants are uniform and are mirror images of each other.

29. Plaintiff, and similarly situated salespersons, were required to cold call prospective customers and schedule appointments to have their air ducts cleaned.

30. Defendants promised Plaintiff, and similarly situated salespersons, that they were going to be paid an hourly wage, $25.00 for each appointment scheduled and $75.00 for each purchase for air duct cleaning services.

31. Defendants required Plaintiff, and similarly situated salespersons, to work a weekly schedule of Monday through Friday from 9:00 a.m. to 6:00 p.m. and Saturdays from 9:00 a.m. to 3:00 p.m.

32. Plaintiff, and similarly situated salespersons, regularly worked in excess of forty (40) hours per week and were not paid any wages.

Creed Law Group, PLLC | 13043 West Linebaugh Avenue | Tampa | Florida | 33626 | PH (813) 444-4332

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

33. Plaintiff brings this action as a collective action pursuant to the Fair Labor Standards Act § 216(b), on behalf of himself and a class of persons consisting of:

> All Salespeople, or employees performing similar work regardless of their job title, who are or were employed by Defendants, within the past three years preceding the filing of this lawsuit, and who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

34. The claims of the Representative Plaintiff are typical of the claims of the Collective Class.

35. The number of potential Collective Class members is so numerous that a joinder of all members is impractical although the precise number of class individuals is presently in the sole possession of Defendants.

36. Upon information and belief, Plaintiff reasonably believes that the Collective Class of salespeople comprises of more than 100 current and former salespeople over the past 3 years.

37. Plaintiff will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiff has retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiff and the Class members.

38. Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a) Whether Defendants unlawfully deprived the class of salespeople the applicable minimum wage rate for all hours worked;

   b) Whether Defendants unlawfully deprived the class of salespeople an overtime premium for all hours worked in excess of forty (40) in a workweek;

Creed Law Group, PLLC | 13043 West Linebaugh Avenue | Tampa | Florida | 33626 | PH (813) 444-4332

c) Whether Defendants' policy of failing to pay its salespeople the applicable minimum wage rate for all hours worked and an overtime premium for all hours worked in excess of 40 per week has been instituted willfully or with reckless disregard of the law; and

d) The nature and extent of class-wide injury and the measure of damages for those injuries.

39. Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following: the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendants for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

40. Defendants have willfully failed to pay its salespeople the applicable minimum wage rate for all hours worked and an overtime premium for all hours worked in excess of 40 each week for the purpose of minimizing payroll and increasing profitability.

41. Defendants received the benefits of the Plaintiff's, and the putative class members', labor without compensating them for the labor.

42. Defendants are liable under the FLSA for failing to compensate its salespeople for all hours worked and notice should be sent to past and current employees of Defendants. It is estimated that there are at least one hundred (100) current or former similarly situated salespeople who have been employed by Defendants in the preceding three years. These similarly situated employees would benefit from the issuance of court supervised notice regarding the present lawsuit

Creed Law Group, PLLC | 13043 West Linebaugh Avenue | Tampa | Florida | 33626 | PH (813) 444-4332

and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to Defendants, are readily identifiable, and can be located only through Defendants' records.

43. Defendants willfully violated FLSA §§ 206 and 207 by failing to pay Plaintiff and others similarly situated the applicable minimum wage rate for all hours worked and an overtime premium for all hours worked in excess of forty (40) per week.

**COUNT I**
**Failure to Pay Overtime Compensation in Violation of the FLSA**
**29 U.S.C. § 201, *et seq.***

44. Plaintiff alleges and incorporates by reference paragraphs one (1) through forty-three (43) of this Complaint and fully restates and re-alleges all facts and claims herein.

45. The Defendants' conduct in failing to pay Plaintiff, and similarly situated employees, an overtime premium for all hours worked in excess of 40 violates the FLSA.

46. Defendants have willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by failing to pay its salespeople overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. § 207.

47. The widespread nature of Defendants' failure to pay overtime under the FLSA is demonstrative of their willful plan and scheme to avoid paying an overtime premium to its salespeople.

48. As a result of Defendants' unlawful acts, Plaintiff, and similarly situated employees, have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

49. Defendants have not made a good faith effort to comply with the overtime

Creed Law Group, PLLC | 13043 West Linebaugh Avenue | Tampa | Florida | 33626 | PH (813) 444-4332

compensation requirements of the FLSA with respect to Plaintiff and the Collective Class, comprised of all other employees similarly situated.

**WHEREFORE,** Plaintiff, MATTHEW COCHRAN**,** individually, and on behalf of the Collective Class of Salespeople, requests the following relief:

a) An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to join pursuant to § 216(b) and that notice be sent to all past and present Salespeople employed by the Defendants within the three years preceding the filing of this action;

b) That the Court find Defendants in violation of the overtime compensation provisions of the FLSA;

c) That the Court find that the Defendants' violation of the FLSA is willful;

e) Payment of unpaid overtime wages calculated at the rate of one and one-half times the applicable regular rate of pay for every hour worked in excess of forty during any given week during the three-year period immediately preceding the filing of this suit;

f) An equal amount of all the damages in the form of liquidated damages as allowed under the FLSA;

g) Reasonable attorney's fees, costs, and expenses of this action as provided by 29 U.S.C. § 216(b); and

h) Any such legal and equitable relief that this Court may deem appropriate.

## COUNT I
### Minimum Wage Violation of the FLSA
### 29 U.S.C. § 201, *et seq.*

50. Plaintiff alleges and incorporates by reference paragraphs one (1) through forty-three (43) of this Complaint and fully restates and re-alleges all facts and claims herein.

Creed Law Group, PLLC | 13043 West Linebaugh Avenue | Tampa | Florida | 33626 | PH (813) 444-4332

51. Defendants' conduct in failing to pay Plaintiff, and similarly situated salespeople, the applicable minimum wage rate for all hours worked is a violation of the FLSA, 29 U.S.C § 201, *et seq.*, and particularly § 206.

52. The widespread nature of Defendants' failure to pay the applicable minimum wage rate to their salespeople is demonstrative of their willful plan and scheme to evade and avoid paying the proper hourly wage to their employees.

53. As a result of Defendants' violations of the FLSA, Plaintiff, and those similarly situated, have suffered damages and are entitled to recover from Defendants the difference between the hourly rate paid and the applicable minimum wage rate, an additional amount equal as liquidated damages, and reasonable attorney's and costs pursuant to 29 U.S.C. §216(b).

54. Defendants have not made a good faith effort to comply with the minimum wage requirements of the FLSA with respect to the Plaintiff and the Collective Class.

55. Due to Defendants' willful violation of the FLSA, a three-year statute of limitations period applies to this action pursuant to 29 U.S.C. §255(a).

56. As a result of Defendants' unlawful acts, Plaintiff, and the Collective Class, comprised on all other similarly situated employees, have been deprived of wages in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in an amount equal to the difference between the hourly rate paid and the applicable minimum wage rate, prejudgment interest, attorney's fees and costs pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

**WHEREFORE**, Plaintiff, MATTHEW COCHRAN, individually, and on behalf of the Collective Class of Salespeople, requests the following relief:

a) An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit

them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to § 216(b) and that notice be sent to all past and present Salespeople employed by the Defendants at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b) A finding that Defendants are in violation of the minimum wage provisions of the FLSA;

c) A finding that the Defendants' violation of the FLSA was and is willful;

d) That the Court enjoin Defendants, pursuant to 29 U.S.C. §217, from withholding future payment of minimum wage compensation owed to members of the putative class;

e) That the Court award to Plaintiff, and the Collective Class, payment of minimum wage compensation of at least the federal minimum wage rate due and liquidated damages of an equal amount, in addition to penalties and interest on said award pursuant to 29 U.S.C. §216;

f) That the Court award Plaintiff and the Collective Class reasonable attorney's fees and costs pursuant to 29 U.S.C. §216; and

g) That the Court award any other legal and equitable relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 3rd day of February, 2017.

                                           Respectfully submitted by,

                                           */s/ Joseph Odato, Esq.*
                                           Joseph Odato, Esq.
                                           Florida Bar No. 0086201
                                           Dennis A. Creed, III, Esq.
                                           Florida Bar No. 0043618

Creed Law Group, PLLC d/b/a Creed & Pinkard
13043 West Linebaugh Avenue
Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121
Email: jodato@creedlawgroup.com
Email: dcreed@creedlawgroup.com
*Attorneys for Plaintiff and the Collective Class*